Daniel, Judge.
 

 This case comes before us, by way of appeal from the judgment in the Superior Court of Yancy, upon a case there agreed. Two questions were raised. First, Did the justice of the peace have jurisdiction of the case? By the acts of assembly passed in 1794,
 
 (Rev. c.
 
 414,) and 1803,
 
 (Rev. c.
 
 627,) the justices of the peace have jurisdiction of demands “ for specific articles,” to the value of thirty pounds. The magistrate ascertains the market value at the time the specific articles should have been delivered, and that sum, with interest from that time, should be the judgment. We think the opinion of the judge was right on this point. The second question was, whether the warrant should not have been in
 
 covenant,
 
 and not in
 
 debt?
 
 The judge thought, that the form of action should have been
 
 covenant;
 
 and he, on this ground, non-suited the plaintiff. The sixteenth section of the act of 1794, enacts, “ that no attachment,
 
 warrant
 
 or other process, issued by a justice of the peace, shall be set aside for want of
 
 form,
 
 if the essential matters required are set forth in such process.” It is not objected, that the essential matters of the plaintiff’s demand are not sufficiently set forth in the warrant, so as to give the defendant every opportunity to make his defence, if he had any, but the objection is to the
 
 form
 
 of the action. In. Magistrates’ Courts, no declarations are filed by the plaintiffs; there is not that particularity required of specifying the action, as there is in courts of record. In this warrant, the parties, the sum demanded, and how due, are specified; and the second section of the act of 1794, requires only that these shall be stated. The essential matters are set forth, and then the warrant stating that it was a plea of
 
 debt,
 
 or a plea of
 
 covenant,
 
 would be nothing more, in our opinion, than form, which the before-recited section of the act of
 
 *229
 
 assembly declares shall nolñoe a cause for setting it aside. W'e are of opinion, that the judgment of non-suit must be set aside, and judgment rendered for the plaintiff for forty-five dollars, and costs of suit.
 

 Pee Cueiam. Judgment reversed.